UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN GLENN HOUTSMA,

    Plaintiff,

v.                                        Case No: 2:17-cv-610-FtM-99CM

DONALD SAWYER and
CHRISTOPHER CATRON,

    Defendants.
_____/

**OPINION AND ORDER**[1]

    This matter comes before the Court on Plaintiff John Glenn Houtsma's Amended Complaint (Doc. #9) filed on January 4, 2018. Accompanying his Complaint, Plaintiff moved to proceed *in forma pauperis*. (Doc. #2).

    On December 12, 2017, the Court dismissed Plaintiff's Complaint (Doc. #1) under § 1915 for failure to state a claim. (Doc. #8) but allowed Plaintiff to file an Amended Complaint. Because Plaintiff seeks to proceed *in forma pauperis*, the Court must review his Amended Complaint to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). With that standard in mind, the Court will examine Plaintiff's Amended Complaint.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Plaintiff is an involuntarily committed resident of the Florida Civil Commitment Center ("FCCC") in Arcadia, Florida. Plaintiff asserts that between March 2015 and May 2016, he had a physical altercation with fellow resident Resverd Forde. ([Doc. #9 at 5](Doc. #9 at 5)). Plaintiff claims facility administrators knew that if Plaintiff was placed in the same dormitory with Forde, Forde would assault him. *Id.*

Plaintiff and Defendant Forde got into an altercation over Plaintiff's use of the telephone. *Id.* Plaintiff reported the incident to officers Christopher Catron and Donald Sawyer. *Id.* Plaintiff wants both Defendants held liable for not providing him a safe and risk- free environment. He asks for compensatory damages of $800.00 for each Defendant and punitive damages of $60,000.

## STANDARD OF REVIEW

A federal district court must review a civil complaint filed *in forma pauperis* and dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted. [28 U.S.C. § 1915](28 U.S.C. § 1915). The mandatory language of [28 U.S.C. § 1915](28 U.S.C. § 1915) applies to all proceedings *in forma pauperis*. Section 1915 provides:

> Notwithstanding any filing fee, or any portion thereof, that mayhave been paid, the court shall dismiss the case at any time if the court determines that-
>
> (A)  the allegation of poverty is untrue; or
>
> (B)  the action or appeal-
>
>   (i)  is frivolous or malicious;
>
>   (ii)  fails to state a claim on which relief may be granted; or
>
>   (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915(e)(2)(B)(i) where it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004).

With a *pro se* action, the Court should construe the complaint more liberally than it would pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even so, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. *GJR Investments, Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 706 (11th Cir. 2010); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that pro se litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

## **DISSCUSSION**

Plaintiff alleges that Defendants Sawyer and Catron violated his civil rights and were negligent by not providing him a safe place to live.

3

## Constitutional Rights Violation

Title 42 U.S.C. § 1983 imposes liability on one who, under color of state law, deprives a person "of any rights, privileges, or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. To articulate a claim under § 1983, a plaintiff must allege that (1) a defendant deprived him of a right secured under the Constitution or federal law; and (2) such deprivation occurred under color of state law. *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, when a plaintiff seeks to impose liability on one who is not an active participant in the alleged constitutional deprivation, that plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Williams v. Bennett*, 689 F.2d 1370, 1380–1381 (11th Cir. 1982).

Plaintiff essentially files the same claim against Catron and Sawyer as filed in his original Complaint. Plaintiff's original Complaint was dismissed because he failed to state a claim against these Defendants. Plaintiff's Amended Complaint fairs no better.

As noted in the Court's Dismissal Order (Doc. #8), Plaintiff does not allege these Defendants knew of, approved of, or participated in the alleged assault. Plaintiff merely says that facility administrators knew not to place him in the same dormitory as his alleged assaulter Forde. If Plaintiff wants to hold these Defendants liable for the actions of others at the FCCC, there is no *respondeat superior* liability under § 1983. *Harris v. Ostrout*, 65 F.3d 912, 917 (11th Cir. 1995), *citing Monell v. Dep't of Social Services*, 436 U.S. 658, 690-92 (1978) and *LaMarca v. Turner*, 995 F.2d 1526, 1538 (11th Cir. 1993); *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1035 (11th Cir. 2001) (recognizing that a "Sheriff can

4

have no *respondeat superior* liability for a section 1983 claim."), *abrogated on other grounds by* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 561–63 (2007).

While "[s]upervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability[,]" they may still be liable "when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation." *Belcher v. City of Foley, Ala.*, 30 F.3d 1390, 1396-97 (11th Cir. 1994) (citations omitted). That is, "[s]upervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is [some other] causal connection." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990).

By Plaintiffs own admission, the only contact Defendants had with Plaintiff occurred after the alleged assault when he and Forde reported the incident to the staff. (Doc. #9 at 5). Sawyer and Catron were the officers on duty at that time but did not see, participate, or approve of the assault on Plaintiff. Plaintiff fails to state that Defendants deprived him of a right secured under the Constitution or federal law. There was no constitutional violation alleged under § 1983 against the Defendants.

### *Negligence*

Plaintiff also alleges that Defendants were negligent by not providing him with a safe place and a risk-free environment. In general, "the involuntarily civilly committed have liberty interests under the due process clause of the Fourteenth Amendment to safety, freedom from bodily restraint, and minimally adequate or reasonable training to further the ends of safety and freedom from restraint." *Wean v. Budz*, 589 F. App'x 488, 489 (11th Cir. 2014) (citing *Dolihite v. Maughan*, 74 F. 3d 1027, 1041 (11th Cir. 1996). Under the Due Process Clause of the Fourteenth Amendment ensures the involuntarily

5

civilly committed a liberty interest in reasonably safe conditions of confinement, freedom from unreasonably bodily restrains, and such minimally adequate training as needed to ensure safety and freedom from restraint. *Youngberg v. Romeo,* 457 U.S. 307, 322 (1982). The rights of the involuntarily civilly committed are "at least as extensive" as the Eighth Amendment rights of the criminally institutionalized. *Finfrock v. Crist*, No. 208-CV-886-FTM-29DNF, 2009 WL 1767592, at *2 (M.D. Fla. June 23, 2009) (*citing Dolihite* 74 F.3d at 1041). As a result, the case law that has developed under the Eighth Amendment sets forth the contours of the due process rights of the civilly committed. *Id.* Indeed, FCCC staff have a duty to protect the civilly detained from violence at the hands of the other civilly detained residents. *See Farmer v. Brennan,* 511 U.S. 825, 833 (1994) (applying analysis in a prison context). That said, not every injury "translates into a constitutional liability." *Id.* at 834.

Here, the Amended Complaint must set forth facts showing that state officials were deliberately indifferent to a substantial risk of Plaintiff's safety. *Purcell v. Toombs County, GA.,* 400 F.3d 1313, 1319 (11th Cir.2005). "Deliberate indifference is not the same thing as negligence or carelessness." *Maldonado v. Snead,* 168 Fed. Appx. 373 (11th Cir.2006) "Merely negligent failure to protect" an inmate from an attack does not give rise to a § 1983 claim. *Finfrock*, 2009 WL 1767592, at *3.

A plaintiff must establish that the defendant was aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists and that the prison official drew that inference. *Purcell,* 400 F.3d at 1319–20; *Carter v. Galloway,* 352 F.3d 1346, 1349 (11th Cir.2003). In other words, to show that an official had subjective knowledge, the court is to inquire whether the defendant was aware of a "particularized

threat or fear felt by [the plaintiff]." *Carter,* 352 F.3d at 1350. "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot be condemned as the infliction of punishment" and does not give rise to a constitutional violation. *Farmer,* 511 U.S. at 838. Whether an official had requisite knowledge is a question of fact that may be shown by circumstantial evidence. *Id.* at 842. As a result, evidence of past attacks - "long-standing, pervasive, well-documented, or expressly noted by [ ] officials in the past" - may be enough to find that the official had actual knowledge. *Id.* Even so, general knowledge that a particular inmate is a problem inmate with a well-documented history of prison disobedience who is prone to violence is insufficient. *Carter,* 352 F.3d at 1349. *See also McBride v. Rivers,* 170 Fed. Appx. 648 (11th Cir.2006).

Although Plaintiff alleges Defendants knew he could not be housed in the same dormitory as Forde, he provides no specific facts other than the general statement. Plaintiff alleges no history of prolonged violence against him that would put Defendants on notice he was in substantial danger from Forde nor is there any basis to suggest that Defendants knew Forde would assault him. The only mention in the Amended Complaint of Sawyer and Catron was that Plaintiff reported the alleged assault to them.

In sum, Plaintiff provides no basis that Defendants knew that his safety was at risk other than a general accusation. Plaintiff fails to state a claim against Defendants for negligence or to allege their actions violated his constitutional rights.

Accordingly, it is now

**ORDERED:**

Plaintiff John Glenn Houtsma's Amended Complaint ([Doc. #9](Doc. #9)) is **DISMISSED**. The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions and deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 9th day of February, 2018.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
All Parties of Record
SA: FTMP-2